JESSE BUCKNAM & others *vs.* GEORGE W. CHAPLIN.

In a suit to recover the value of goods obtained by the defendant by a purchase for cash from an agent of the plaintiffs, evidence of the agent's agreement and general course of dealing with a former firm, consisting of two of the three plaintiffs, is admissible for the purpose of proving the agent's authority to sell and deliver the goods for cash, if there is evidence that such former agreement and dealings were referred to in his agreement with the plaintiffs, and as a part thereof.

TORT to recover the value of certain leather. At the trial in the superior court the plaintiffs, who were partners, introduced evidence to show that they delivered the leather in question to one Wagg, a currier, to be prepared for market upon certain stipulated terms, by which Wagg was to receive a certain sum for his work, and the plaintiffs were to receive a certain commission for buying and selling the leather, and the net proceeds of the leather when sold — after taking out the first cost, the commission of the plaintiffs, and Wagg's compensation — were to be equally divided between them; and the plaintiffs testified that it was expressly agreed that Wagg should not sell the leather, but should notify them if anybody wished to buy it. The plaintiffs then offered evidence tending to show that Wagg sold the leather to the defendant and received the proceeds thereof, and that he had no authority so to do. There was also evidence that two of the plaintiffs had previously been partners and had dealt with Wagg for several years; but that the transaction in relation to the leather now in controversy was the first and only dealing that the new firm ever had with him.

The defendant contended that Wagg had the right to make the sale and to receive payment, and introduced him as a witness; and he testified that in the agreement under which he received the leather reference was made to his dealings with the former firm, and that one of the plaintiffs said to him that they would not do as they had been doing unless the witness paid them one per cent. more commission. Thereupon *Russell,* J. ruled that evidence might be given to show the arrangement and general course of dealing with the old firm, for the purpose of

showing what was the agreement with the new firm, and what was the meaning of the conversation testified to by Wagg, and not for any other purpose.

A verdict having been returned for the defendant, the plaintiffs alleged exceptions.

*J. W. Perry,* for the plaintiffs.

*D. Saunders, Jr.* for the defendant, was stopped by the court.

BIGELOW, C. J. The trial of this case appears to have proceeded upon two opposite theories set up and maintained by the respective parties. The plaintiffs contended that the leather in controversy was delivered into the hands of the currier to be dressed and finished, under a new, distinct, and independent agreement, which had no connection with or reference to any former agreement which had been made with the old firm ; and that by this contract no authority was given to the currier to sell the property to the defendants. On the other hand, the defendant maintained and offered evidence which tended to show that the property was delivered to the currier on the same terms and conditions as those on which the old firm had been in the habit of dealing with him, except that the commissions which the new firm were to receive were one per cent. larger than those received by the old firm. This rendered it necessary for the defendant to prove the contract which had subsisted with the old firm, because upon it depended the question whether any authority to sell the leather was conferred on the bailee. The title to the property in issue was directly involved in this inquiry. The evidence was therefore competent and relevant ; and if the jury were satisfied that the property in controversy was delivered on the same terms as by the old firm, and that the original contract included an authority to sell, it was their duty to find a verdict for the defendant.

The instructions given to the jury were apt, and well adapted to the evidence, and submitted to their consideration the question on which the rights of the parties to the property in dispute substantially depended.              *Exceptions overruled.*